IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID TURNER,

    Plaintiff,

v.  CASE NO.: 1:12cv176-SPM/GRJ

WCA WASTE SYSTEMS, INC.,
d/b/a WCA WASTE CORPORATION,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

    This cause comes before the Court on Defendant's motion to dismiss (doc. 5) and Plaintiff's response (doc. 7). The complaint contains two counts regarding the employment discharge of David Turner. Plaintiff alleges that Defendant violated the Florida Drug Free Workplace Act (Count I) and Defendant breached a third-party beneficiary contract when Defendant discharged Mr. Turner (Count II). Defendant seeks dismissal on grounds that both counts fail to state a cause of action upon which relief can be granted. For the following reasons, the motion to dismiss is granted.

I.  Standard of Review

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).  To warrant dismissal of a complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

The rules of pleading require only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2), Fed.R.Civ.P. As a general proposition the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has since applied the Twombly plausibility standard to another civil action. See Ashcroft v. Iqbal, 556 U.S. 662 (2009).

II. Discussion

A. Count I Alleges Violation of the Drug Free Workplace Act

The Court agrees with the Defendant in that the Florida Drug Free

Workplace Act does not provide a private cause of action. To determine if a cause of action arises from a statute the Court looks at the explicit expression of the statute and the legislative intent. Morrison v. Morgan Stanley Properties, 2008 WL 1771871, *5 ("Where a statute does not explicitly provide for a private cause of action, courts generally look to legislative intent to determine whether a cause of action should be judicially inferred.") (citing Murthy v. N. Sinha Corp., 644 So.2d983, 985-86 (Fla. 1994) (concluding "[i]n general, a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing a civil liability."); Horowitz v. Plantation Gen. Hosp., Ltd. P'ship, 959 So.2d 176, 182 (Fla. 2007)). The Florida Drug Free Workplace Act does not expressly create a private cause of action against an employer who adopts the drug-free workplace program but then fails to follow its own procedures.  Morrison v. Morgan Stanley Properties, 2008 WL 1771871, *5. Additionally, the legislative intent of the statute does not provide for a private cause of action either.  Id. Instead, the intent of the statute is

> to promote drug-free workplaces in order that employers in the state be afforded the opportunity to maximize their levels of productivity, enhance their competitive positions in the marketplace, and reach their desired levels of success without experiencing the costs, delays, and tragedies associated with work-related accidents resulting from drug abuse by employees. It is further the intent of the Legislature that drug abuse be discouraged and that employees who choose to engage in drug abuse face the risk of unemployment and the forfeiture of workers' compensation benefits.

CASE NO.: 1:12cv176-SPM/GRJ

§ 440.101(1). Accordingly, "[t]here is no evidence in either the statutory language or the legislative structure that the Legislature contemplated a private cause of action against employers who fail to follow drug-free workplace program procedures." Morrison v. Morgan Stanley Properties, 2008 WL 1771871, *6.

### B. Count II Third-Party Beneficiary

The Court subsumes the analysis provided above and agrees with the Defendant that the Plaintiff does not have a third-party beneficiary breach of contract claim. No proper case law supports the theory of a third-party beneficiary breach of contract claim stemming from the Florida Drug Free Workplace Act. The Florida Drug Free Workplace Act does not primarily and directly benefit employees as is required to maintain a third-party beneficiary claim. See Helinautica International, S.A., v. Engage Aviation LL, 2011 U.S. Dist. LEXIS 131686, *9 (M.D. Fla. 2011) (citing Jenne v. Church & Tower, Inc., 814 So.2d 522, 524 (Fla. 4th DCA 2002)).

Based on the foregoing, it is ORDERED AND ADJUDGED that the motion to dismiss is **granted**. This case is dismissed and the Clerk shall close the case.

DONE AND ORDERED this 1st day of October, 2012.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge